1  Joshua Randall
   218 Mount Helena Ave.
2  Mount Shasta, CA 96067
   joshreeverandall@gmail.com
3  Plaintiff, In Pro Per



**FILED**

OCT 0 8 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSHUA RANDALL**, an individual, | Case No. 2: 2 0 - CV - 2 0 1 9 WBS DMC PS |
| **Plaintiff,** | |
| **vs.** | **COMPLAINT** |
| **GATESTONE & CO., INTERNATIONAL INC.**, a corporation, DOES 1 – 10, *et al* | **AFFIDAVIT** |
| | **TRIAL BY JURY DEMANDED** |
| **Defendant(s).** | |

**COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

**PRELIMINARY STATEMENT**

1.    In enacting the Fair Debt Collection Practices Act ("FDCPA"), the United States

Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors," which "contribute to the

number of personal bankruptcies, to marital instability, to the loss of jobs, and to

invasions of individual privacy." 15 U.S.C. § 1692(a).

2.    The FDCPA is a comprehensive and strict liability statute which prohibits a catalog

of activities in connection with the collection of debt by third parties, see 15 U.S.C. § 1692

*et seq.*.

Page 1 of 10

COMPLAINT                                    Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

3.     The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

4.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

5.     As a strict liability statute, the FDCPA provides for actual or statutory damages upon the showing of one violation.  The federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 77 (9th Cir. 1982); and *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 122, 1227 (9th Cir. 1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking and the credulous."  *Clomon v. Jackson* 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

## NATURE OF THE ACTION

6.     This is a complaint for money damages.

7.     This action arises out of Defendants Gatestone & Co., International Inc.'s, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

COMPLAINT                                           Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

8.     Defendant's conduct violated the FDCPA, when Defendant called Plaintiff's wireless phone on no less than five (5) occasions while attempting to collect a debt alleged to be due or owed to another.

9.     Defendant's conduct also violated the FDCPA when Defendant failed to provide Plaintiff with meaningful disclosure of the caller's identity.

10.    Defendant's conduct further violated the FDCPA when Defendant failed to inform Plaintiff that Defendant is attempting to collect a debt and any information obtained will be used for debt collection purposes.

## JURISDICTION AND VENUE

11.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

12.    All conditions precedent to the bringing of this action have been performed. Plaintiff has provided Defendant with a notice of intent to sue in an effort to resolve this matter, however, Defendant has remained silent.

13.    Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that Plaintiff resides here, Defendant engages in and transacts business here, and all of the conduct and events complained of occurred here.

## PARTIES

14.    The Plaintiff in this lawsuit is Joshua Randall, a natural person.  Plaintiff is a "Consumer", as that term is defined 15 U.S.C. § 1692(a)(3) who resides in Siskiyou County, California.

15.    The Defendant in this lawsuit is Gatestone & Co., International Inc. (or, "GCI"), a debt collector[1], attempting to collect a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692(a)(5), with office headquarters located at 455 N. 3rd Street, Ste 260, Phoenix, Maricopa County, Arizona, 85004, USA, and doing business in California.  GCI's

---

[1] *See 15 U.S.C. §1692(a)(6)*

COMPLAINT                                        Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

statutory agent is C T Corporation System, with a business office located at 3800 N.

Central Ave, Suite 460, Phoenix, Arizona, 85012, USA.

## **FACTUAL ALLEGATIONS**

16.     At all times during the acts described herein, Defendant is a business that regularly solicits consumers to establish business relationships in the area of debt collection, alleged to be due or owed to another party.

17.     Prior to Defendant's initial contact with Plaintiff, Defendant regularly trained and instructed its employees and representatives in consumer protection laws to ensure company compliance with the FDCPA.

18.     On or about 23-March-2020, Defendant called the Plaintiff's wireless phone number, 323-702-1791, from a phone number identified as one used by Defendant, 805-834-2237.  Defendant's representative also recorded a voicemail instructing Plaintiff to call Defendant at 866-251-2396[1].

19.     On or about 24-March-2020, Defendant again called the Plaintiff's wireless phone number, 323-702-1791, from a phone number identified as one used by Defendant, 805-834-2267.  Defendant's representative also recorded a voicemail instructing Plaintiff to call Defendant at 866-251-2396.

20.     On or about 30-March-2020, Defendant again called the Plaintiff's wireless phone number, 323-702-1791, from a phone number identified as one used by Defendant, 805-834-2267.  Defendant's representative recorded a voicemail, however, did not speak during the recording.

21.     At all times during the telephone call described at ¶20, Defendant failed to provide meaningful disclosure of the caller's identity to Plaintiff.

---

[1] See U.S.D.C., E.Dist of N.Y., Class-Action Complaint, Perez V. Gatestone, Case # 2:17-06517-JFB-AYS, Document 1-1, pg. 1.

COMPLAINT                                          Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

22.    At all times during the telephone calls described at ¶20, Defendant failed to identify to Plaintiff that Defendant is attempting to collect a debt and any information obtained would be used for that purpose.

23.    On or about 6-May-2020, Defendant again called the Plaintiff's wireless phone number, 323-702-1791, from a phone number identified as one used by Defendant, 805-834-2299.  Defendant's representative also recorded a voicemail instructing Plaintiff to call Defendant at 866-251-2396.

24.    On or about 12-May-2020, Defendant again called the Plaintiff's wireless phone number, 323-702-1791, from a phone number identified as one used by Defendant, 805-834-2299.  Defendant's representative also recorded a voicemail instructing Plaintiff to call Defendant at 866-251-2396.

25.    Defendant called at all times that were inconvenient for Plaintiff to answer the call due to work and family commitments.

26.    Plaintiff has never had any business relationship with Defendant at any time and has never given GCI express consent to call Plaintiff's wireless phone.

27.    Plaintiff has attempted to settle this matter privately with Defendant, however, Defendant has not responded to Plaintiff's correspondence dated September 1, 2020.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION**
**PRACTICES ACT. 15 U.S.C. § 1692(d)(5)**

Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

28.    Defendant's conduct harassed, oppressed and abused Plaintiff when Defendant caused Plaintiff's wireless phone to ring at a minimum of five (5) separate occasions, see **Exhibit A**, therefore, violating the FDCPA at 15 U.S.C. § 1692 (d)(5), which states in part:

  *15 USC 1692d*

Page 5 of 10

COMPLAINT                                    Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

*§ 806. Harassment or abuse*

*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.*

WHEREFORE, Plaintiff requests relief and judgment as follows:

a) Adjudging that GCI violated the FDCPA.

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000 for each violation of the FDCPA.  *See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir.1998)*

c) Awarding Plaintiff any fees and costs incurred in this action;

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT, 15 U.S.C. § 1692(d)(6)

29.   Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

30.   Defendant's conduct harassed, oppressed and abused Plaintiff when Defendant failed to provide Plaintiff with meaningful disclosure of the caller's identity, as described at ¶20, contrary to 15 U.S.C. § 1692 (d)(6), which states in part:

*15 USC 1692d*

*§ 806. Harassment or abuse*

*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.*

Page 6 of 10

COMPLAINT                                    Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

WHEREFORE, Plaintiff requests relief and judgment as follows:

a) Adjudging that GCI violated the FDCPA.

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000 for each violation of the FDCPA.  *See Savino v. Computer Credit, Inc.,* 164 F.3d 81, 86 (2d Cir.1998)

c) Awarding Plaintiff any fees and costs incurred in this action;

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT, 15 U.S.C. § 1692(e)(11)

36.    Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

37.    Defendant's conduct harassed, oppressed and abused Plaintiff when Defendant, at all times, failed to disclose to Plaintiff that Defendant was attempting to collect a debt, as described at ¶20, therefore, violating the FDCPA at 15 U.S.C. § 1692 (e)(11), which states in part:

*15 USC 1692d*

**§ 806. Harassment or abuse**

*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

WHEREFORE, Plaintiff requests relief and judgment as follows:

a) Adjudging that GCI violated the FDCPA.

COMPLAINT                                    Randall v. Gatestone & Co., International Inc.

Joshua Randall
218 Mount Helena Ave. · Mount Shasta, CA 96067
joshreeverandall@gmail.com · 323-702-1791

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000 for each violation of the FDCPA.  *See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir.1998)*

c) Awarding Plaintiff any fees and costs incurred in this action;

d) Awarding such other and further relief as the Court may deem just and proper.

## JUDICIAL NOTICE

Plaintiff is not a lawyer and his pleadings cannot be treated as such. In fact, according to *Haines v. Kerner*, 404 U.S. 519 (1972), a complaint, however inartfully pleaded, must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the Petitioner can prove no set of facts in support of her claim which would entitle her to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U:S. 41,45-46 (1957). "[A] pro se petitioner's pleadings should be liberally construed to do substantial justice." United States v. Garth, 188 F. 3d 99, 108 (3dCir. 1999).

## RESERVATION OF RIGHTS

Plaintiff reserves all rights for actual damages that have occurred or that discovery may bear as witness, including but not limited to, Defendant's telephone system records which may reveal additional unauthorized calls and repeat violations made by Defendant to Plaintiff's phone.  All Rights Reserved.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## RELIEF REQUESTED

Plaintiff seeks minimum statutory damages of $1,000 for violations as described herein under the FDCPA.

Awarding Plaintiff any fees and costs incurred in this action;

COMPLAINT                                    Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

1   Awarding such other and further relief as the Court may deem just and proper.

2

3   Respectfully Submitted this _28_ day of _September_, 2020,

4

5   By: _____

6   Joshua Randall
    Plaintiff, in *Pro Per*
    *without prejudice*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   COMPLAINT                          Page 9 of 10

28                                      Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

**AFFIDAVIT**

I, the undersigned, hereby Attest and Declare:

I am the Plaintiff in the foregoing document entitled, COMPLAINT FOR RELIEF, AFFIDAVIT, TRIAL BY JURY DEMANDED.

I have read and know the contents thereof and certify that the matters stated therein are facts of my own knowledge, except as to those matters, which are therein stated upon my information or belief, and as to those matters I believe them to be correct.

I declare under the penalty of perjury of the Laws of California, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this affidavit is executed in _Mount Shasta_, California and is dated this _28_ day of _September_, 2020.

By: _____

Joshua Randall
Plaintiff, in *Pro Per*
without prejudice

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this _28_ day of _09_, 2020.

_See attached_

Notary

My commission expires: _Apr 26 2022_   seal

Please see attached sheet
for CA Acknowledgment/Jurat
As per CA Civil Codes 1189/8202

Page 10 of 10

COMPLAINT                                    Randall v. Gatestone & Co., International Inc.

*Joshua Randall*
*218 Mount Helena Ave. · Mount Shasta, CA 96067*
*joshreeverandall@gmail.com · 323-702-1791*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Siskiyou

Subscribed and sworn to (or affirmed) before me on this 28th day of September , 20 20 , by
Joshua Reeve Randall ,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

DUSTIN BALMA
COMM. # 2239858
NOTARY PUBLIC ● CALIFORNIA
SISKIYOU COUNTY
Comm. Exp. APRIL 26, 2022

(Seal)                    Signature

# EXHIBIT A

Case 2:20-cv-02019-WBS-DMC   Document 1   Filed 10/08/20   Page 13 of 16



+1 (805) 834-2237
Oxnard, CA

    
message   call   WhatsApp          pay

+1 (805) 834-2267
Oxnard, CA

    
message   call          pay

March 23, 2020
3:07 PM  Missed Call

Share Contact

Create New Contact

Add to Existing Contact

March 24, 2020
2:54 PM  Missed Call

Share Contact

Create New Contact

---

.ıll Extended 🛜          1:51 PM          11% 🔋

‹ Voicemail

ıl Extended 🛜          1:50 PM          12% 🔋

‹ Voicemail



+1 (805) 834-2267
Oxnard, CA

   
message   call          pay

March 24, 2020
2:54 PM  Missed Call

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location



+1 (805) 834-2299
Oxnard, CA

   
message   call   WhatsApp   pay

May 6, 2020
12:43 PM  Missed Call

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

    
Favorites   Recents   Contacts   Keypad   Voicemail

    

+1 (805) 834-2299


message


call






pay

May 12, 2020
9:56 AM  Missed Call

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location


Favorites


Recents


Contacts


Keypad


Voicemail

# Sprint ✈

Contact Us

**1 of 5**

Case 2:20-cv-0201... WBG-JPR...Document... Filed 10/08/20 A...Page 15 of 16...43368
(*2 from your Sprint Phone)

Bill Period: May 04 - Jun 03, 2020

We hope you're enjoying your services.

Thank you for being an AutoPay customer.

---

**Total Amount Due**

## $131.76

**This amount will be charged to your bank account on Jun 27.**

| | |
|---|---:|
| Balance Forward | $0.00 |
| New Charges | $131.76 |

*See page 3 for details*

---

## Your new charges remained the same this month

| | | |
|---|---|---:|
| June | ███████████ | $131.76 |
| May | ███████████ | $131.76 |
| April | ███████████ | $131.76 |

## Let's talk about this bill

Visit www.sprint.com for a complete view of account activity.

---

The News and Notices Section on page 2 has important information for you
to review.

---

PO Box 629023 El Dorado Hills, CA 95762

**DO NOT SEND PAYMENT.**
This amount will be charged to your bank account on Jun 27.
Account Number 753543368

# Sprint ✈ 

**Amount Due** 

---

PO Box 4191
Carol Stream, IL 60197-4191

JOSHUA RANDALL
4080 WOKING WAY
LOS ANGELES, CA 90027-1324


Presorted
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
Sprint

753543368 00000013176 000000000000 000000131768

Case 2:20-cv-02019-WBS-DMC   Document 1   Filed 10/08/20   Page 16 of 16

## Unlimited Freedom - Unlimited Talk, Text & Data

Unlimited Talk, Text and Data. Line 1: $65; Line 2: $45; Lines 3-10: $35; Lines 11-99: $30.
Unlimited Anytime Minutes. Unlimited Messaging. HD Streaming. 50GB Mobile Hotspot.
International Text from US. Sprint Global Roaming. Eligible for $5 per line/per month AutoPay
discount on lines 1-10.

### (323) 702-1791

| | |
|---|---|
| Unlimited Freedom MRC | $65.00 |
| $5 AutoPay Plan Discount - Unlimited Freedom MRC | -$5.00 |
| Premium Intl Experience | $0.00 |



| | |
|---|---|
| Unlimited Freedom MRC | $45.00 |
| $5 AutoPay Plan Discount - Unlimited Freedom MRC | -$5.00 |
| Premium Intl Experience | $0.00 |



## Equipment

### (323) 702-1791

| | |
|---|---|
| Apple iPhone 7 Plus 128GB Pre-owned Monthly Lease PR-L-131442146 #16 | $13.55 |

| | |
|---|---|
| Apple iPhone 8 64GB Monthly Lease PR-L-131436352 #16 | $19.45 |
| iPhone Discount 16 of 18 - PR-L-131436352 | -$14.45 |



## Surcharges

| | |
|---|---|
| Federal Univ Serv Assess Non-LD | $1.08 |
| Regulatory Charge | $1.98 |
| Administrative Charge | $5.00 |
| California State PUC User Fee | $0.03 |